UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL No. |
| v. | ) | |
| | ) | |
| | ) | 03-CR-10331 (RGS) |
| IVAN VELEZ | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION PURSUANT TO**
***UNITED STATES V. RENGIFO* REGARDING ENGLISH-LANGUAGE TRANSLATIONS OF TAPE-RECORDED SPANISH CONSENSUALLY RECORDED CONVERSATIONS**

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorneys Cynthia W. Lie and Suzanne M. Sullivan, respectfully moves for leave to introduce into evidence at trial (1) copies of the consensual tape recordings made during the investigation of this case, recordings which are in Spanish; and (2) Spanish transcripts and English translations of those conversations. The government further requests leave to read into evidence all or part of the English translations.

As grounds for this motion, the government states as follows:

During the investigation that led to this case, the government was intercepting conversations between the CW and the defendant that were consensually recorded. Virtually all of the recorded conversations were in Spanish. The government has prepared Spanish transcriptions and English translations of a number of those tape recordings. The government has provided

final copies of these transcripts and translations to the defense.

The government moves for leave to introduce into evidence at trial copies of the original Spanish recordings, the Spanish transcriptions and English transcripts of those conversations on the taped recordings, and further requests leave to read into evidence all or part of the English transcripts.  See United States v. Rengifo, 789 F.2d 975, 983 (1st Cir. 1986) (finding that English-language translations of tape-recorded conversations that originally took place in Spanish are admissible as substantive evidence; that such transcripts may go to the jury room; and that the government may use readers to read the English translations as an alternative to playing the tape recording). As in Rengifo, the defendant has provided no alternative translation transcripts to date, and thus admission of the translations at issue is appropriate. See Id. at 982-83.

WHEREFORE, for the foregoing reasons, the government's motion should be allowed.

>                              Respectfully submitted,
>
>                              MICHAEL J. SULLIVAN
>                              United States Attorney
>
>                              By:  /s/ Cynthia W. Lie
>
>                              CYNTHIA W. LIE
>                              SUZANNE M. SULLIVAN
>                              Assistant U.S. Attorneys

Dated: January 23, 2006