UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )        CRIMINAL No.
         v.                 )
                            )
                            )        03-CR-10331 (RGS)
IVAN VELEZ                  )
         Defendant.         )

### UNITED STATES' MOTION IN LIMINE

The United States of America, through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant U.S. Attorneys Cynthia W. Lie and Suzanne M. Sullivan, hereby files this Motion in Limine. The government seeks to preclude testimony of CW1's DWI conviction that is over ten (10) years old and evidence of a psychiatric problem from over thirty years ago.

### A. Conviction More than Ten Years Old

CW1 has one DWI conviction from 1994 and pled guilty in a sealed record. First, this conviction exceeds the 10 year old limit, and should be precluded pursuant to FRE 609(b). See Wierstak v. Heffernan, 789 F.2d 968, 972 (1st Cir. 1986) (holding over ten year old convictions for breaking and entering, larceny, and drug possession were properly precluded under FRE 609(b)); See also United States v. Figueroa, 976 F.2d 1446, 1456-57 (1st Cir. 1992); United States v. Tapia, 738 F.2d 18, 21 (1st Cir. 1984).

Second, there is no probative value of this conviction that substantially outweighs the prejudicial value as required by F.R.E 609(b).  Defendants bear the burden of demonstrating a "compelling reason" to justify the use of this evidence.  See Heffernan, 789 F.2d at 972; See also United States v. Cavender, 578 F.2d 528, 530, n.7 (4th Cir. 1978).  There is no compelling reason in the instant case.  Moreover, this conviction does not bear on truthfulness and should be precluded.

**B. Psychiatric Issue From Over 30 Years Ago**

Over thirty (30) years ago, when CW1 was 27, CW1 was hospitalized at a psychiatric institution in Colombia for a two week period.  CW1 stated he has had no recurrences or psychiatric problems since then.  First, there is nothing probative about this evidence, and it is highly prejudicial.  It does not bear on truthfulness.  Therefore, this evidence should be precluded under FRE 403.

For these and other reason the Court may deem appropriate, the government respectfully requests that this Motion be allowed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Cynthia W. Lie

CYNTHIA W. LIE
SUZANNE M. SULLIVAN
Assistant U.S. Attorneys

Dated: January 28, 2006

2